## McNeill *v.* State.

### (*Jackson.* June 30, 1893.)

CRIMINAL LAW. *Keeping liquor saloon open on Sunday.*

A druggist who sells liquors by the drink and in quantities, in the same room where his drugs are kept, having a tippler's or retail liquor dealer's license for that purpose, must close his house on Sunday, under Act of 1889, Chapter 31, prohibiting, among other things, the keeping open on Sunday of any place where intoxicating liquors are sold, with a proviso that it shall not apply to a druggist selling on the prescription of a practicing physician.

Act construed: Acts 1889, ch. 31.

---

### FROM HENRY.

---

Appeal in error from the Circuit Court of Henry County. W. H. SWIGGART, J.

SWEENY & WARD and LAMB & FARABOUGH for McNeill.

M. B. GILMORE and Attorney-general PICKLE for State.

A. D. BRIGHT, Sp. J. T. C. McNeill was presented for keeping open on Sunday his business house, a place wherein he followed the business of dealing in and selling liquors. He was convicted and sentenced by the Court to pay a fine of one

dollar and the costs of the case, and has appealed to this Court.

The facts are, briefly, as follows: The plaintiff in error, McNeill, was a druggist in Paris, Tennessee. In addition to his drugs, he keeps all sorts of liquors for sale, and sells same by the drink or quantity, and upon the prescription of physicians, and without such prescriptions. He has retail liquor dealer's license, and does retail and tipple all sorts of liquors. His drugs and liquors are all in the same house and room, and there is nothing that separates the one from the other. The entrance to one is the entrance to both. He kept this house open on Sunday, but sold no liquors—only sold drugs, etc.

The presentment is found under the Act of 1889, Chapter 31, which is as follows:

"*Be it enacted by the General Assembly of the State of Tennessee,* The law of this State prohibiting the sale of liquors on Sunday, as compiled in § 5611 of Milliken & Vertrees' compilation, be so amended as to prohibit the sale, on Sunday, of any malt, vinous, fermented, or other intoxicating liquors, or to keep open on Sunday any place where such liquors were sold or dispensed. And any person offending shall be punished as provided in said Acts; *Provided,* That the provisions of this Act shall not apply to druggists selling on the prescription of a practicing physician; *Provided further,* That restaurants and eating-houses, where spirituous, vinous, and malt liquors are sold under

the license law of the state on week days, shall be allowed to conduct their eating department on Sunday; but the bar-room shall be closed, and no drinks of any kind sold."

The facts of this case show that McNeill has a saloon in the same room where his drugs are kept, and that he sells his liquors, wines, etc., by the drink and in quantities, and that he has the tippler's or retail liquor dealer's license for this purpose, and that he does not sell his liquors, etc., alone on the prescription of a practicing physician, but sells with or without said prescription.

It is true, that, under the law, the Act of 1889, Chapter 31, under which the presentment in this case is found, an exception is made in favor of druggists who sell liquors on the prescription of physicians, and if the defendant, McNeill, kept liquors only to sell on prescription, or as a medicine, or to compound medicines with, he would not be required to close his house on Sunday. But this exception does not extend to a druggist who tipples whisky and liquors, etc., generally, to any one who applies to buy it without any prescription; and, if he does so, he must close his house on Sunday. It is manifest that the Legislature intended to keep liquor houses closed on Sunday, and did not intend that any person should have the privilege of keeping one open merely by taking out a druggist or other license. Otherwise, all saloons could be kept open by merely securing such license, and thus the very object which the

statute was intended to promote, be not only defeated, but the statute made to subserve an exactly opposite purpose than that for which it was enacted. This is made all the more obvious, when we look to the provision made for restaurant and eating-house keepers at a place in which liquors are sold, upon condition that, and only upon condition that, the bar-room in which the liquors were sold shall be closed.

It was not intended to interfere with the druggist's right to keep his drug store open and sell drugs any more than upon their's, if, he kept in connection with it, as they are required to do, a bar-room which could be closed, and his other business done, as their's must be done, without keeping a bar-room open. But if he undertook, as in this case, to make a drug-room and bar-room one, so that the drug-room could not be kept open without keeping the bar-room open, he could keep neither open upon Sunday, under the plain terms of the statute, because, in keeping, or professing to keep, one open, he, in fact, kept both open.

The druggist who does not tipple or sell without prescription, is not affected by the Act; and he who attempts to do so could only do it by so separating his bar-room from his drug-room that the first may be closed on Sunday if the latter remains open.

Affirm the judgment.